OPINION
{¶ 1} Plaintiffs-appellants Paula and Christopher Ramsey appeal the Summary Judgment of the Richland County Court of Common Pleas, which granted defendant-appellee State Farm Fire and Casualty Company's motion for summary judgment.
{¶ 2} In August 1992, Kelly Sue Ramsey, died after being thrown from a vehicle negligently operated by Scott D. Shafter. Kelly is survived by appellants Paula Ramsey (her mother) and Christopher Ramsey (her brother).
{¶ 3} Appellants recovered $100,000 from Shafer's insurance, plus other amounts from their own auto insurer and Paula Ramsey's employer's auto policy. The issue at bar pertains only to appellants' claim against their homeowner's policy of insurance furnished by State Farm. Appellants argued State Farm provided limited motor vehicle liability coverage under the residence employee exception of the homeowner's policy. Appellants asserted they were never offered uninsured or underinsured motorist coverage, nor did they reject it or release State Farm from their claims.
{¶ 4} Appellants argue under Ohio law appellee is required to provide uninsured/underinsured motorist coverage.
{¶ 5} It is from this judgment entry, appellants appeal, raising the following assignment of error:
 {¶ 6} THE TRIAL COURT ERRED IN FIND THAT THE HOMEOWNER'S POLICY ISSUED BY DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY DID NOT PROVIDE PLAINTIFFS WITH UNINSURED MOTORIST COVERAGE.
 I
{¶ 7} Herein, appellants contend the trial court erred in overruling their motion for summary judgment and granting summary judgment in favor of State Farm.
{¶ 8} This Court has previously addressed the issue of whether the residence employee provision in a homeowner's policy could be construed so as to provide UM/UIM coverage. In accordance with this Court's decisions in Henry v. Nationwide Mut. Fire Ins. Co. (September 28, 2001), Muskingum App. No. CT 2001-0014, unreported., Trussell v. UnitedOhio Ins. Co. (January 16, 2002), Perry App. No. 01-CA-15, unreported.Vohsing v. Auto-Owners Ins. Co. (January 14, 2002), Licking App. No. 01-CA-56, unreported, and Mattox v. Allstate Ins. Co. (March 25, 2002),
Stark App. No. 2001CA218, unreported, we overrule appellants' sole assignment of error.
{¶ 9} The judgment of the Licking County Court of Common Pleas is affirmed.
By GWIN, P.J., FARMER, J., and BOGGINS, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs to appellants.